**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re Application of , <br><br> FourWorld Global Opportunities Fund, Ltd., FourWorld Event Opportunities, LP, FourWorld Special Opportunities Fund, LLC, FW Deep Value Opportunities Fund I, LLC, Corbin ERISA Opportunity Fund, Ltd. and Harspring Capital, LP, <br><br> Petitioners, for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings. | Case No. |

## PETITIONERS' MEMORANDUM OF LAW IN SUPPORT OF THEIR APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

*Of Counsel*
Damian Vallejo*
Catherine Zimmermann*
Esther Romay Jove*
**Dunning Rievman & MacDonald LLP**
1350 Broadway, Suite 2220
New York, New York 10018
(646) 680-9236
dvallejo@drmlaw.com
czimmermann@drmlaw.com
eromay@drmlaw.com
*Attorneys for Petitioners*
**Pro hac vice* applications pending

Hector James (Jim) Montalvo
Fla. Bar ID # 887056
e-mail: jim@montalvopa.com
2555 Ponce de León Blvd., Ste. 600
Coral Gables, Florida 33134
Tel. (305) 321-8347
*Attorneys for Petitioners*

February 27, 2025

1

# TABLE OF CONTENTS

IN THE UNITED STATES DISTRICT COURT ......................................................................... 1

SOUTHERN DISTRICT OF FLORIDA ...................................................................................... 1

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 3

    A.    Parties to the Appraisal Proceedings and the Merger ............................................. 3

    B.    Bermuda Appraisal Proceedings ............................................................................. 5

    C.    Mr. Flowers and the Discovery Sought .................................................................. 6

ARGUMENT ................................................................................................................................. 7

I.       THE APPLICATION SATISFIES all STATUTORY REQUIREMENTS ...................... 8

    A.    Petitioners Are "Interested Persons" ...................................................................... 8

    B.    The Requests Seek Evidence, Including Testimony and the Production of Documents ............................................................................................................... 8

    C.    The Discovery Is "For Use" in a Foreign Proceeding ............................................ 9

    D.    Mr. Flowers Resides or Is Found in This District ................................................. 10

II.      THE *INTEL* FACTORS WEIGH STRONGLY IN FAVOR OF DISCOVERY ............. 10

    A.    *INTEL I*: Mr. Flowers Is Not a Party to the Appraisal Proceedings ................... 10

    B.    *INTEL II*: The Bermuda Court Is Receptive to the Requested Discovery ........... 11

    C.    *INTEL III*: Petitioners Are Not Circumventing Foreign Proof-Gathering Restrictions ........................................................................................................... 12

    D.    *INTEL IV*: The Subpoena Is Not Unduly Burdensome ........................................ 14

CONCLUSION ............................................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,
747 F.3d 1262 (11th Cir. 2014) .................................................................................... 8

*Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095 (2d Cir. 1995)................................................ 19

*Gyptec, S.A. v. Hakim-Daccach*, No. 16-20810-CIV, 2017 WL 6557425 (S.D. Fla. Sept. 27, 2017),
*aff'd sub nom. In re Gyptec S.A. for an Order to Take Discovery Under 28 U.S.C. § 1782*, No.
16-CV-20810, 2017 WL 6559792 (S.D. Fla. Oct. 19, 2017) .................................................. 16

*In re Alpine Partners (BVI) L.P.*, Case No. 2:24-mc-5-SPC-KCD, 2024 WL 2868393 (M.D. Fla.
Apr. 15, 2024) ............................................................................................................ 14

*In re Alpine Partners (BVI) L.P.*, No. Civ. 24-337 (KSH) (JSA), 2024 WL 4336824 (D.N.J. Sept.
27, 2024) .................................................................................................................... 14

*In re Application of Hill*, 2005 WL 1330769 (S.D.N.Y. June 3, 2005)......................................... 14

*In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296 (S.D. Fla. 2012) ................. 19

*In re Application of Mun*, No. 22-mc-243-MN-JLH, 2023 WL 7074016 (D. Del. Oct. 26, 2023)
.................................................................................................................................. 14

*In re Banco Sistema S.A.*, No. 23-21868-MC, 2024 WL 1826609 (S.D. Fla. Apr. 24, 2024)...... 19

*In re Bernal*, No. 18-21951-MC, 2018 WL 662008 (S.D. Fla. Dec. 18, 2018).......................... 15

*In re Clerici*, 481 F.3d 1324 (11th Cir. 2007).................................................................... 8, 9, 18

*In re Edelman*, 295 F.3d 171 (2d Cir. 2002)............................................................................ 12

*In re Ferrer*, No. 18-20226-CIV, 2018 WL 3240010 (S.D. Fla. Sept. 5, 2018)......................... 13

*In re Gonzalez*, No. 20-24628-MC, 2021 WL 3835180 (S.D. Fla. Apr. 14, 2021), *aff'd sub nom. Gonzalez v. Verfruco Foods, Inc.*, No. 21-12922, 2023 WL 1794391 (11th Cir. Feb. 7, 2023) ..................................................................................................................................... 17

*In re Joint Stock Co. Raiffeisenbank*, No. 16-24114-MC, 2017 WL 7733275 (S.D. Fla. Aug. 15, 2017), *report and recommendation adopted sub nom. In re Joint Stock Co.*, 16-24114-MC, 2017 WL 6550479 (S.D. Fla. Oct. 20, 2017)................................................................................. 11

*In re MTS Bank*, No. 17-MC-21545, 2017 WL 3276879 (S.D. Fla. Aug. 1, 2017) ................... 13

*In re MTS*, No. 17-21545-MC, 2017 WL 3155362 (S.D. Fla. July 25, 2017)............................. 11

*In re NRC Holding, Ltd.*, No. 14-MC-61962, 2015 WL 541770 (S.D. Fla. Feb. 10, 2015)......... 18

*In re Oasis Core Inv. Fund Ltd.*, No. 23-MC-402 (SHS), 2024 WL 472984 (S.D.N.Y. Feb. 7, 2024) ..................................................................................................................................... 14

*In re Orthogen Int'l GmbH*, No. 23-mc-80743, 2023 WL 6813223 (S.D. Fla. Oct. 16, 2023), *aff'd sub nom. In re Orthogen Int'l GMBH*, No. 23-CV-80743, 2023 WL 8418969 (S.D. Fla. Nov. 28, 2023), *appeal dismissed sub nom. In re Orthogen Int'l GmbH*, No. 23-CV-80743, 2024 WL 234998 (S.D. Fla. Jan. 23, 2024), *and appeal dismissed sub nom.  Orthogen Int'l GmbH v. Schottenstein*, No. 24-10411-JJ, 2024 WL 2012315 (11th Cir. Apr. 4, 2024) ........................ 16

*In re Pimenta*, 942 F. Supp. 2d 1282 (S.D. Fla. 2013) ............................................................. 9, 12

*In re Pons*, No. 19-23236-MC, 2020 WL 364125 (S.D. Fla. Jan. 22, 2020), *aff'd*, 614 F. Supp. 3d 1134 (S.D. Fla. 2020), and *aff'd sub nom. Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020).............................................................................................................. 10

*In re: Application of Bracha Found.*, 663 F. App'x 75 (11th Cir. 2016) ..................................... 16

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ..................................... passim

*Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810 (11th Cir. 2019) .................................................. 8

iii

*Weber v. Finker*, 554 F.3d 1379 (11th Cir. 2009)........................................................................ 18

**Statutes**

28 U.S.C. § 1782 ................................................................................................................ passim

Fla. Stat. § 48.193 ................................................................................................................... 11

FourWorld Global Opportunities Fund, Ltd., FourWorld Event Opportunities, LP, FourWorld Special Opportunities Fund, LLC, FW Deep Value Opportunities Fund I, LLC and Corbin ERISA Opportunity Fund, Ltd. ("**FourWorld**") and Harspring Capital, LP ("**Harspring**" and, together with FourWorld, "**Petitioners**") respectfully submit this opening brief in support of an application pursuant to 28 U.S.C. § 1782 (the "**Application**") seeking an order: (a) granting Petitioners leave to serve a subpoena on J. Christopher Flowers ("**Mr. Flowers**"); (b) directing Mr. Flowers to produce the materials described in the Subpoena within thirty days of service of the Subpoena; (c) directing Mr. Flowers to provide deposition testimony in compliance with the Subpoena on a mutually agreeable date within a reasonable time after Mr. Flowers's confirmation of its final production of documents in response to the Subpoena issued against it; and (d) granting any and all other relief the Court deems just and proper.

## PRELIMINARY STATEMENT

Petitioners respectfully submit this Application pursuant to 28 U.S.C. § 1782 to take discovery from an individual found in this District for use in shareholder appraisal rights litigation (the "**Appraisal Proceedings**") pending in the Supreme Court of Bermuda (the "**Bermuda Court**"). In the Appraisal Proceedings, Petitioners seek a determination of the fair value of their shares in Enstar Group Limited ("**Enstar**" or the "**Company**"), a Bermuda company which, after its purchase by Sixth Street Partners, LLC ("**Sixth Street**" or the "**Buyer**") through the execution of a series of mergers further detailed below, will become a wholly owned subsidiary of Elk Bidco Limited (the "**Parent**") and will be delisted from the NASDAQ Stock Market (the "**Merger**"). Mr. Flowers is, and has been since 1998, a shareholder in Enstar and, through a Rollover and Support Agreement (as defined below), he will also have an ownership interest in the parent entity of Parent after the Merger finalizes. Through this Application, Petitioners seek discovery relating

1

to the core issues in the Appraisal Proceedings, the fair value of the Company and the process that led to the Merger price.

Petitioners' Application meets all of the statutory requirements of Section 1782: (i) Mr. Flowers "resides or is found" in this District because he resides in Palm Beach, Florida; (ii) the request seeks testimonial and documentary evidence; (iii) the requested discovery is "for use" in a foreign proceeding, namely the Appraisal Proceedings; and (iv) Petitioners, plaintiffs in the Appraisal Proceedings, meet the standard for an "interested person" under the statute.  In addition, each of the Supreme Court's factors that guide this Court's exercise of discretion under Section 1782 weigh decisively in favor of granting Petitioner's Application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264, 124 S. Ct. 2466, 2483, 159 L. Ed. 2d 355 (2004).

The first *Intel* factor weighs in favor of discovery because Petitioners seek discovery from "nonparticipants" in the Appraisal Proceedings. *Id.*  As recognized in *Intel*, "nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent §1782(a) aid." *Id.*  Mr. Flowers is not a named party in the Appraisal Proceedings or otherwise subject to the jurisdiction of the Bermuda Court.

Under the second *Intel* factor, which considers the character of the foreign proceeding and receptivity of the foreign tribunal, there is no indication suggesting that the Bermuda Court might be unreceptive to Section 1782 assistance. *Id.*  To the contrary, as established in the declaration of Petitioners' Bermuda counsel, Delroy B. Duncan KC, Petitioners will have the right to present evidence gathered under Section 1782 of the Bermuda Court in support of their claims.  Several U.S. courts have granted Section 1782 applications for the production of documents in aid of foreign appraisal proceedings, including in Bermuda courts.

2

Under the third *Intel* factor, the Application is not concealing any improper attempt to circumvent foreign discovery restrictions on proof gathering. *See Intel*, 542 U.S. at 265. The requested discovery does not implicate any privilege or special protection that would make it improper under Bermuda law.

Under the fourth *Intel* factor, the proposed discovery is not unduly burdensome. *Id.* To the contrary, the proposed Subpoena is tailored to seek evidence addressing the fair value of the Petitioners' shares in the Company and the process the Company undertook to negotiate and approve the Merger. As explained in the accompanying declaration of Petitioner's Bermuda counsel, such evidence is directly relevant to the critical issues in the Appraisal Proceedings.

Finally, the Court should exercise its discretion to order production of any responsive discovery that Mr. Flowers has in its possession, custody, or control, regardless of the physical location of that evidence. Section 1782 is extraterritorial in reach, and courts commonly order discovery of evidence located abroad, particularly where, as here, the discovery is from a third party not subject to the jurisdiction of the foreign court.

## BACKGROUND

### A.    PARTIES TO THE APPRAISAL PROCEEDINGS AND THE MERGER

The Petitioners are shareholders of the Company and the only dissenting shareholders who have initiated appraisal proceedings against the Company. FourWorld, a group of investment funds managed by SEC registered adviser FourWorld Capital, LLC, holds 208,100 ordinary shares in the Company. *See* Declaration of Delroy B. Duncan KC ("**Duncan Decl.**"), Ex. 1, ¶ 1. Harspring, an investment fund managed by New York-based Harspring Capital Management, LLC, holds 62,000 ordinary shares in the Company. *Id.*, Ex. 2, ¶ 1.1.

Enstar is an exempted company limited by shares under the laws of Bermuda. *Id*. at 13. Founded in 1993, Enstar is a leading global (re)insurance group that offers innovative capital release solutions through its network of group companies in Bermuda, the US, the UK, Continental Europe, and Australia. *Id*.  Its core focus is acquiring and managing (re)insurance companies and portfolios of (re)insurance businesses in run-off. *Id*.  Since 2007, Enstar's shares have been, and still are, listed on the NASDAQ Stock Market under the ticker symbol "ESGR." *Id.*

On October 11, 2024, the Company filed a proxy statement with the SEC (the "**Proxy Statement**") which included the Agreement and Plan of Merger, dated as of July 29, 2024, by and among the Parent,  Elk Merger Sub Limited, Enstar, Deer Ltd. and Deer Merger Sub Ltd., pursuant to which the Company, certain wholly owned subsidiaries of the Company and a wholly owned subsidiary of the Parent intend to effect a series of mergers, with the Company surviving such mergers as a wholly owned subsidiary of Parent (the "**Merger Agreement**"). Declaration of Damián Vallejo ("**Vallejo Decl.**"), Ex. 2.  Sixth Street, a global investment firm, has provided or will provide equity finance in the amount of $3.512 billion to its affiliates, Elk Merger Sub Limited and Parent, for executing the Merger. *Id.*, p. 17 (Equity Financing).

Once the three mergers contemplated by the Merger Agreement are finalized, each holder of Enstar's ordinary shares (with par value $1.00) will be entitled to receive a total of $338 in cash per share, without interest. *Id.*, pp. 25 - 26.

Following the filing of the Proxy Statement, a special general meeting was held with certain Enstar shareholders voting to approve the merger. *Id.*, Ex 5.

Mr. Flowers has been an Enstar shareholder since 1998. *Id.*, Ex. 3.  Mr. Flowers's private equity company, J.C. Flowers & Co. LLC, has also been a long-time advisor to funds invested in Enstar. *Id.*

While negotiating the Merger, Sixth Street also negotiated certain agreements with Enstar's chief executive officer, Dominic F. Silvester, and the following Enstar shareholders: Frazer Holdings LP, Mr. Flowers, John J. Oros 1998 Family Trust, Hyman 2018 Family (the "**Rollover Participants**"). *Id.*, Ex. 2, p. 55 ("[o]n July 25, 2024, representatives of [Sixth Street's counsel] shared with representatives of [Company's counsel] initial drafts of the rollover and support agreements between Sixth Street and each of Mr. Silvester and certain entities and persons associated with J.C. Flowers & Co."). On July 29, 2024, Parent and certain of its affiliates entered into a support agreement with Mr. Silvester, and into rollover and support agreements with each of the other Rollover Participants, including Mr. Flowers (the "**Rollover and Support Agreements**"). *Id.*, pp. 18 and 148; and Annexes E through K. Pursuant to the Rollover and Support Agreements, Mr. Flowers will participate in the Merger together with those other shareholders, all of which have agreed to vote or execute consents in favor of the Merger, and to reinvest certain of their Enstar shares into a non-voting ownership interest in a direct or indirect parent company of Parent. *Id.*, p. 18.

**B.   BERMUDA APPRAISAL PROCEEDINGS**

On November 8, 2024, Petitioners exercised their appraisal rights and, by filing Originating Summonses asking the Bermuda court to determine the fair value of its shares under Section 106(6) of the Bermuda Companies Act, initiated proceedings in Bermuda. Duncan Decl., ¶ 19. As described in the accompanying declaration of Delroy B. Duncan KC, Petitioners will have the opportunity to present documentary evidence, witness testimony, and legal arguments to the Bermuda Court. The Bermuda Court will be charged with determining the fair value of the dissenting shareholders' shares. *Id.*, ¶¶ 28 – 29. This process involves examining both the

valuation of the Company and the fairness of the process that led to the approval of the Merger. *Id.*, ¶¶ 32 – 34.

      **C.**    **MR. FLOWERS AND THE DISCOVERY SOUGHT**

Mr. Flowers has been an Enstar shareholder since 1998. Vallejo Decl., Ex. 3.  Mr. Flowers resides in Palm Beach, Florida, and is the CEO and Chairman of J.C. Flowers & Co. LLC, a private equity investment firm, which acts as the aggregator of the Rollover Participants and has executed all of the Rollover and Support Agreements. *See* Vallejo Decl., Exs. 6, 7 and 8; and Ex. 2, Annexes E through K. J.C. Flowers & Co. LLC, has also been a long-time advisor to funds invested in Enstar. *Id.*, Ex. 3.

While negotiating the Merger, Sixth Street also negotiated certain agreements with Enstar's chief executive officer, Dominic F. Silvester, and the following Enstar shareholders: Frazer Holdings LP, Mr. Flowers, John J. Oros 1998 Family Trust, Hyman 2018 Family (the "**Rollover Participants**"). Vallejo Decl., Ex. 2, p. 55 ("[o]n July 25, 2024, representatives of [Sixth Street's counsel] shared with representatives of [Company's counsel] initial drafts of the rollover and support agreements between Sixth Street and each of Mr. Silvester and certain entities and persons associated with J.C. Flowers & Co.").  On July 29, 2024, Parent and certain of its affiliates entered into a support agreement with Mr. Silvester, and into rollover and support agreements with each of the other Rollover Participants, including Mr. Flowers (the "**Rollover and Support Agreements**"). *Id.*, pp. 18 and 148; and Annexes E through K.  Pursuant to the Rollover and Support Agreements, Mr. Flowers will participate in the Merger together with those other shareholders, all of which have agreed to vote or execute consents in favor of the Merger, and to reinvest certain of their Enstar's shares into a non-voting ownership interest in a direct or indirect parent company of Parent. *Id.*, p. 18.

Through this Application, Petitioners seek discovery from Mr. Flowers, on issues relevant to the Appraisal Proceedings, including: (a) the fairness of, and the process to reach, the Merger price; (b) Mr. Flowers' recommendations and advice provided to, or received from, the other Rollover Participants, including any fee negotiations, in connection with the Merger; (c) any analysis conducted by Mr. Flowers of the Merger; and (d) documents pertaining to the Company's valuation, including any material non-public information, valuations, models, and any forecasts of the Company's future performance ("**Requested Discovery**").  The Requested Discovery will significantly assist the Bermuda Court in evaluating the Merger and its negotiation process. *See* Duncan Decl., ¶ 49.  It will also assist the Bermuda Court in determining the fair value of Petitioners' shares in the Company. *Id.*

## ARGUMENT

28 U.S.C. § 1782 permits United States District Courts to grant discovery for use in a pending foreign proceeding. *Intel*, 542 U.S. at 246.   Section 1782 sets forth four mandatory requirements: (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.  *Victoria, LLC v. Likhtenfeld*, 791 F. App'x 810, 816 (11th Cir. 2019) (citing *Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc*., 747 F.3d 1262, 1269 (11th Cir. 2014)).

The statute "authorizes, but does not require, a federal district court to provide assistance…" *Intel*, 542 at 242.  The Supreme Court in *Intel* noted four factors to be considered in

7

exercising such discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." *In re Clerici*, 481 F.3d 1324, 1334 (11th Cir. 2007) (citing *Intel*, 542 U.S. at 244–45).  When applying these factors, the Court should consider Section 1782's  "twin aims" "of providing an efficient means of assistance to participants in international litigation and encouraging foreign countries to provide reciprocal assistance to our courts" *In re Pimenta*, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013).

## I.  THE APPLICATION SATISFIES ALL STATUTORY REQUIREMENTS

### A.  PETITIONERS ARE "INTERESTED PERSONS"

"No doubt litigants are included among, and may be the most common example of, the "interested person [s]" who may invoke § 1782." *Intel*, 542 U.S. at 256.  Petitioners are parties to the Appraisal Proceedings and are thus "interested persons" under Section 1782.

### B.  THE REQUESTS SEEK EVIDENCE, INCLUDING TESTIMONY AND THE PRODUCTION OF DOCUMENTS

The Application requests documentary and testimonial evidence from Mr. Flowers, satisfying the section 1782 requirement that the request must seek evidence, whether it be the testimony or statement of a person, or the production of a document or other thing. *In re Clerici*, 481 F.3d  at 1331 – 1332.

### C.   THE DISCOVERY IS "FOR USE" IN A FOREIGN PROCEEDING

Section 1782 "for use" requirement is satisfied by showing that Petitioners plan on using the Requested Discovery in the Bermuda Proceedings. *In re Pons*, No. 19-23236-MC, 2020 WL 364125, at *5 (S.D. Fla. Jan. 22, 2020), *aff'd*, 614 F. Supp. 3d 1134 (S.D. Fla. 2020), and *aff'd sub nom. Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465 (11th Cir. 2020) ("[t]he undersigned finds that the Applicant satisfied the 'for use in a foreign proceeding' requirement because the Applicant has the ability to inject the requested information into a foreign proceeding and the requested discovery is something that will be employed with some advantage or serve some use in the proceeding.") (internal citations omitted).

As explained in the declaration from Petitioners' Bermuda counsel, the Bermuda Court will accept and consider any relevant evidence submitted by the parties, so long as it is lawfully obtained through Section 1782 and otherwise admissible.   In the Appraisal Proceedings, the Bermuda Court will consider all facts and matters that may have a bearing on the determination of fair value.   As explained by Petitioners' Bermuda counsel, particularly when the Company points to the Merger price as an indicator of fair value, the Court's inquiry often turns to a consideration of whether the process that led to that price was a fair process.  Duncan Decl., ¶¶ 32 – 34.

The Requested Discovery from Mr. Flowers, a long-standing shareholder of the Company, a long-time advisor of other shareholders of the Company, and a party to one of the Rollover and Support Agreements targets key information about both the Merger price, as well as the valuation of the Company.  Accordingly, the Requested Discovery will be of "use" to the Bermuda Court given its relevance in determining the fair value of Petitioners' (former, once the Merger closes) shareholdings.

### D.     MR. FLOWERS RESIDES OR IS FOUND IN THIS DISTRICT

Section 1782's requirement that a person "resides or is found" in the district should be "broadly interpreted based on common sense understandings of the words." *In re MTS*, No. 17-21545-MC, 2017 WL 3155362, at *5 (S.D. Fla. July 25, 2017) (finding that that because the person from whom discovery was sought owned real property and two automobiles, paid real estate taxes, had a Florida telephone number, and conducted financial transactions in Florida, the statutory requirements were met) (citing Fla. Stat. § 48.193 ("[o]wning, using, possessing, or holding a mortgage or other lien on any real property within this state" subjects a person to the jurisdiction of the courts of Florida)).  Mr. Flowers owns residential property, and resides, in Palm Beach, Florida. *See* Vallejo Decl., Exs. 6, 7 and 8.

In addition, a person is found in a district if he or she has been personally served with the discovery requests underlying the Section 1782 application. *In re Joint Stock Co. Raiffeisenbank*, No. 16-24114-MC, 2017 WL 7733275, at *3 (S.D. Fla. Aug. 15, 2017), *report and recommendation adopted sub nom. In re Joint Stock Co.*, 16-24114-MC, 2017 WL 6550479 (S.D. Fla. Oct. 20, 2017); *see* also *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002) (holding that "if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district").

## II.     THE *INTEL* FACTORS WEIGH STRONGLY IN FAVOR OF DISCOVERY

### A.     *INTEL I*:  MR. FLOWERS IS NOT A PARTY TO THE APPRAISAL PROCEEDINGS

The first *Intel* factor asks whether the party from whom discovery is sought is a participant in the foreign proceeding.  This is because "when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Intel*,

542 U.S. at 264; *see also In re Pimenta*, 942 F. Supp. 2d at 1288 (stating that where discovery subjects are not participants in the foreign proceeding this "renders the need for the assistance of the Court more readily apparent."), *adhered to sub nom. In re de Melo Pimenta*, No. 12-24043-MC, 2013 WL 12157798 (S.D. Fla. Aug. 20, 2013).  Here, Mr. Flowers is not a participant in the Appraisal Proceedings and is not subject to the jurisdiction of the Bermuda Court.

Accordingly, the first *Intel* factor weighs in favor of granting the Application.

### B. *INTEL II*: THE BERMUDA COURT IS RECEPTIVE TO THE REQUESTED DISCOVERY

Under the second *Intel* factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264.  This factor examines "whether the foreign tribunal is willing to consider the information sought"  and that "courts look for authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782." *In re MTS Bank*, No. 17-MC-21545, 2017 WL 3276879, at *8 (S.D. Fla. Aug. 1, 2017) (emphasis in original).  Therefore, there is a strong presumption that foreign tribunals will be receptive to evidence obtained under Section 1782, and thus the burden is placed on the party opposing discovery to show that a foreign tribunal would reject the evidence obtained through Section 1782. *See In re Ferrer*, No. 18-20226-CIV, 2018 WL 3240010, at *8 (S.D. Fla. Sept. 5, 2018) ("[t]he party opposing discovery under Section 1782(a) has the burden of demonstrating offense to the foreign jurisdiction, or any other facts warranting denial of a particular application.").

The Bermuda Court will consider any evidence that has a bearing on determining the fair value of a company's shares. *See* Duncan Decl., ¶¶ 28 – 36.   Moreover, as set forth in the Duncan

Declaration, Bermuda courts have admitted evidence obtained through Section 1782.  *See Id.*, ¶ 43.

Further, several US courts have recognized that Bermuda courts are receptive to evidence obtained

through Section 1782.  *See  In re Application of Mun*, No. 22-mc-243-MN-JLH, 2023 WL

7074016, at *4 (D. Del. Oct. 26, 2023) ("[w]hile I have doubts that the Bermuda Court would

authorize or approve of the discovery requested by the Application, I can't say on this record that

the Bermuda Court would be unreceptive to judicial assistance.  Accordingly, I conclude that this

factor favors Petitioners."); *In re Alpine Partners (BVI) L.P.*, No. Civ. 24-337 (KSH) (JSA), 2024

WL 4336824, at *6 (D.N.J. Sept. 27, 2024) ("[t]his Court's review of the relevant case law

confirms that courts in Bermuda are receptive to Section 1782 discovery."); *In re Oasis Core Inv.

Fund Ltd.*, No. 23-MC-402 (SHS), 2024 WL 472984, at *2 (S.D.N.Y. Feb. 7, 2024) ("[o]n the

second factor, Robinson and Wasty both agree that Bermuda courts are receptive to evidence

obtained pursuant to Section 1782"); *In re Application of Hill*, No. M19-117 (RJH), 2005 WL

1330769 (S.D.N.Y. June 3, 2005) (rejecting motion to quash Section 1782 subpoena for discovery

to be used in Bermudan and Hong Kong liquidation proceedings); *In re Alpine Partners (BVI)

L.P.*, Case No. 2:24-mc-5-SPC-KCD, 2024 WL 2868393 (M.D. Fla. Apr. 15, 2024) (granting

Section 1782 application for use in Bermuda appraisal proceedings).

Accordingly, the second *Intel* factor weighs in favor of granting the Application.

## C.    *INTEL III*: PETITIONERS ARE NOT CIRCUMVENTING FOREIGN PROOF-GATHERING RESTRICTIONS

The third *Intel* factor looks to "whether the § 1782(a) request conceals an attempt to

circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United

States." *Intel*, 542 U.S. at 265.   In *Intel*, the Supreme Court expressly rejected the notion that

Section 1782 requires that the evidence be discoverable in the foreign proceeding itself.  *Id.* at 261

12

("[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions—reasons that do not necessarily signal objection to aid from United States federal courts."). "Proof-gathering restrictions are best understood as rules akin to privileges that *prohibit* the acquisition or use of certain materials, rather than as rules that *fail to facilitate* investigation of claims by empowering parties to require their adversarial and non-party witnesses to provide information." *In re Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *7 (S.D. Fla. Dec. 18, 2018). (internal citations omitted). No such circumstance is present here.

In addition, Section 1782 does not impose an exhaustion requirement—*i.e.*, a requirement that Petitioners first try and fail to obtain discovery in the jurisdiction where the foreign litigation is pending. *See In re Orthogen Int'l GmbH*, No. 23-mc-80743, 2023 WL 6813223, at *10 (S.D. Fla. Oct. 16, 2023), *aff'd sub nom. In re Orthogen Int'l GMBH*, No. 23-CV-80743, 2023 WL 8418969 (S.D. Fla. Nov. 28, 2023), *appeal dismissed sub nom. In re Orthogen Int'l GmbH*, No. 23-CV-80743, 2024 WL 234998, at *1 (S.D. Fla. Jan. 23, 2024)*, and *appeal dismissed sub nom. Orthogen Int'l GmbH v. Schottenstein*, No. 24-10411-JJ, 2024 WL 2012315 (11th Cir. Apr. 4, 2024) ("courts have held that even when the requested documents may be available in the foreign jurisdiction, there is no requirement to first seek discovery from the non-US tribunal or exhaust other options before applying to a district court for § 1782 discovery.") (quoting *In re: Application of Bracha Found.*, 663 F. App'x 755, 765 (11th Cir. 2016)); *see also Gyptec, S.A. v. Hakim-Daccah*, No. 16-20810-CIV, 2017 WL 6557425, at *7 (S.D. Fla. Sept. 27, 2017), *aff'd sub nom. In re Gyptec S.A. for an Order to Take Discovery Under 28 U.S.C. § 1782*, No. 16-CV-20810, 2017 WL 6559792 (S.D. Fla. Oct. 19, 2017) ("[t]herefore, whether or not [defendant] has stated that he will submit to the discovery requests if ordered by a court in Colombia (or whether

discovery of specific documents is allowed in Colombian procedures), [plaintiff] is still entitled to seek the discovery pursuant to Section 1782.").  No such prohibition exists here.

Finally, there is no foreign-discoverability requirement under Section 1782 and "courts have [also] granted Section 1782 discovery where the discovery procedures in the country where the lawsuit is proceeding do not allow for the party seeking the application to obtain the information." *In re Gonzalez*, No. 20-24628-MC, 2021 WL 3835180, at *4 (S.D. Fla. Apr. 14, 2021), *aff'd sub nom. Gonzalez v. Verfruco Foods, Inc.*, No. 21-12922, 2023 WL 1794391 (11th Cir. Feb. 7, 2023).

Therefore, the third *Intel* factor weighs in favor of granting the Application.

## D.    *INTEL IV*: THE SUBPOENA IS NOT UNDULY BURDENSOME

The fourth and final *Intel* factor considers whether the Section 1782 Application contains "unduly intrusive or burdensome requests." *Intel*, 542 U.S. at 265.  The standard is substantially the same as in ordinary domestic civil litigation under the Federal Rules of Civil Procedure. *See In re Clerici*, 481 F.3d  at 1336  ("[o]nce discovery is authorized under § 1782, the federal discovery rules […] contain the relevant practices and procedures for the taking of testimony and the production of documents.").  Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents ... ." *Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009).  Appropriate measures may be taken to protect confidential or privileged documents. *In re NRC Holding, Ltd*., No. 14-MC-61962, 2015 WL 541770, at *3 (S.D. Fla. Feb. 10, 2015).

Here, the Requested Discovery is not "unduly intrusive or burdensome."  The proposed Subpoena seeks documents and information directly relevant to the central issues in the Appraisal

14

Proceedings.  *See* Background Section C, *supra*.  In addition, the proposed Subpoena is temporally limited to the period in which the Company began reviewing and considering strategic opportunities ("including a sale of the Company") and the Merger was being contemplated, negotiated, and executed. *See* Vallejo Decl., Ex. 2, p. 43.

Petitioners are also willing to meet and confer with Mr. Flowers to address any scope or burden concerns.   Should the parties be unable to reach an agreement over any scope or burden concerns, the parties can present those disputes to the Court.   If the Court finds merit to such objections, "[i]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright" and precluding any discovery into those issues directly probative of the matters in the Appraisal Proceedings. *In re Banco Sistema S.A.*, No. 23-21868-MC, 2024 WL 1826609, at *4 (S.D. Fla. Apr. 24, 2024) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 11098 (2d Cir. 1995))*; see also In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d 1296, 1306 (S.D. Fla. 2012) ("no undue burden exists because the discovery requests being compelled through this Order are sufficiently tailored").

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court grant their Application.

Dated:   February 27, 2025

*Of Counsel*                                                    By: *Hector James Montalvo*
Damian Vallejo*                                          **Montalvo Law, P.A.**
Catherine Zimmermann*                            Hector James (Jim) Montalvo
Esther Romay Jove*                                    Fla. Bar ID # 887056
**Dunning Rievman & MacDonald LLP**    e-mail: jim@montalvopa.com
1350 Broadway, Suite 2220                        2555 Ponce de León Blvd., Ste. 600
New York, New York 10018                        Coral Gables, Florida 33134

(646) 680-9236                                    Tel. (305) 321-8347
dvallejo@drmlaw.com                               *Attorneys for Petitioners*
czimmermann@drmlaw.com
eromay@drmlaw.com
*Attorneys for Petitioners*
**Pro hac vice* applications pending

16